UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. RAYMOND J. MARNER, Defendant. | CAUSE NO. 3:20-CV-876 DRL-MGG |

OPINION & ORDER

On October 20, 2020, the government sued Raymond Marner for $564,108.96 in unpaid taxes and civil penalties from 2007 to 2012. About eight months later, Mr. Marner moved to dismiss the suit for want of subject matter jurisdiction. He says the government lacks authorization from the Secretary of Treasury to proceed against him. The court now denies the motion to dismiss.

The court must have subject matter jurisdiction. *Lowrey v. Tilden*, 948 F.3d 759, 760 (7th Cir. 2020). The court has jurisdiction "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). That is the precise nature of this suit, and that would seem to address this motion to the extent it concerns subject matter jurisdiction. *See United States v. Kitsos*, 1996 U.S. App. LEXIS 20585, 4 (7th Cir. Aug. 14, 1996) ("district courts have jurisdiction to hear and power to render judgment over tax actions").

"No civil action for the collection or recovery of taxes . . . shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." 26 U.S.C. § 7401. Even if this question of governmental authority bore on the court's subject matter jurisdiction, *see, e.g., United States v. Williams*, 2012 U.S. Dist. LEXIS 140430, 22 n.2 (S.D. Ind. Sept. 28, 2012) (citing two federal decisions), and that seems less than intuitive under the statutes, it isn't a viable issue here.

      A.    *The Associate Area Counsel is a Delegate for Purposes of 26 U.S.C. § 7401.*

Mr. Marner maintains both facial and factual challenges, and the court addresses each argument in turn. Facially, Mr. Marner argues that the court lacks jurisdiction because the Secretary of the Treasury has not delegated power to the Associate Area Counsel who authorized the civil action. In evaluating this facial claim, "the court does not look beyond the allegations in the complaint, which are taken as true for purposes of the motion." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

The Secretary is defined as "the Secretary of the Treasury or his delegate." 26 U.S.C. § 7701(a)(11)(B). A "delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context." 26 U.S.C. § 7701(a)(12).

The Internal Revenue Manual and Treasury Order 150-010 demonstrate that the authority to commence tax actions has been delegated to the Associate Area Counsel. The Secretary first delegates the authority "to determine what civil actions . . . should be brought in the courts under the laws affecting the Internal Revenue Service and to prepare recommendations to the Department of Justice for the commencement of such actions" to the IRS Chief Counsel. IRM § 30.2.2-6; *see also* Treasury Order 150-010. This authority is further delegated to the Associate Area Counsel in the Internal Revenue Manual, permitting "Area Counsel [to] prepare[] a suit letter to the Department of Justice, Tax Division (DOJ), authorizing and requesting that a suit be filed." IRM § 25.3.2.1.1.

The Internal Revenue Code permits the Secretary to delegate this authority in 26 U.S.C. § 7401 because it uses the word "Secretary" and not "Secretary of the Treasury." Whereas "Secretary of the Treasury" is narrowly defined as "the Secretary of the Treasury, personally, and shall not include any delegate of his," 26 U.S.C. § 7701(a)(11)(A), "Secretary" encompasses "the Secretary of the Treasury or his delegate," 26 U.S.C. § 7701(a)(11)(B). Furthermore, the Internal Revenue Code permits

2

the Secretary to empower members of the Treasury, "directly, or indirectly by one or more redelegations of authority." 26 U.S.C. § 7701(a)(12); *see also United States v. Bacheler*, 611 F.2d 443, 449 (3d Cir. 1979) ("The statute in no way restricts the number of redelegations . . . ."). The court must then deny this motion.

### B. *A Declaration Signed by the Tax Division Trial Attorney Suffices for Authorization.*

Factually, Mr. Marner argues that the court lacks jurisdiction because the government has not provided evidence that the suit was authorized by the Secretary's delegate. Specifically, he says a declaration signed by the Tax Division Trial Attorney attesting to receipt of an authorization letter is insufficient proof that the Secretary authorized the suit. "[W]hen considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex*, 572 F.3d at 444 (internal quotations and citation omitted).

There is no question that submission of the actual letter of authorization from the Secretary's delegate would foreclose this argument. *See Kitsos*, 1996 U.S. App. LEXIS 20585 at 4 (action was proper when "[t]he government produced a letter of authorization from the IRS District Counsel to the Assistant Attorney General in the Tax Division of the Department of Justice"); *United States v. Walters*, 638 F.2d 947, 950–51 (6th Cir. 1981) (forfeiture action was authorized when Regional Counsel sent a letter to the United States Attorney approving the suit); *United States v. Wesselman*, 2006 U.S. Dist. LEXIS 29351, 7 (S.D. Ill. Apr. 24, 2006) (government properly authorized when it "submitted a letter from the Office of Chief Counsel of the Internal Revenue Service to an Assistant Attorney General within the Tax Division of the Department of Justice setting forth the authority to commence the instant lawsuit").

The government passes this opportunity and submits a declaration reiterating what the referral letter of April 28, 2020 says. The court prefers the letter, but the declaration suffices to establish the government's authority today. *See Williams*, 2012 U.S. Dist. LEXIS 140430 at 22, *aff'd*, 796 F.3d 815 (7th Cir. 2015) (court had jurisdiction when government submitted a signed declaration by an IRS employee attesting that the suit was authorized by the Secretary's delegate based on a review of IRS administrative files); *United States v. Pansier*, 2021 U.S. Dist. LEXIS 134678, 2 (E.D. Wis. July 20, 2021) (court had jurisdiction when "[t]he attorney representing the United States filed a declaration, signed by an IRS official, stating that the Secretary's delegate authorized the suit"). In truth, the declaration does two things—quotes from the referral letter but also attests, from someone with personal knowledge, that she has been authorized to proceed against Mr. Marner [ECF 12-1 ¶ 2, 4]. That underscores sufficiently the presumption that Department of Justice attorneys are operating within their authority. *See United States v. One 1941 Cadillac Sedan*, 145 F.2d 296, 299 (7th Cir. 1944) ("The United States attorney is a part of the Department of Justice. He must be presumed, in the absence of evidence to the contrary, to have acted within his authority.").

For these reasons, the court DENIES Mr. Marner's motion to dismiss [ECF 11].

SO ORDERED.

October 7, 2021                                          *s/ Damon R. Leichty*
                                                         Judge, United States District Court