UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-876 DRL-MGG |
| RAYMOND J. MARNER, | |
| Defendants. | |

OPINION AND ORDER

The United States of America filed this action to reduce to judgment unpaid federal tax liabilities owed by Raymond J. Marner. After receiving several extensions, Mr. Marner neglected to file a timely answer. The clerk's office made an entry of default. He then filed a motion asking the court to reconsider its denial of leave to file a late answer and the entry of default. The government filed a motion for default judgment. The magistrate judge recently denied Mr. Marner's motion to reconsider as it pertained to accepting his late answer. Today the court denies his motion to reconsider the entry of default and grants the government's motion for default judgment.

BACKGROUND

A delegate of the Secretary of Treasury assessed income tax and civil penalty liabilities against Mr. Marner for the years 2007 to 2012 [ECF 1 ¶ 3]. After Mr. Marner received notice of his liabilities, he failed to pay the amount due of $564,108.96, plus statutory additions and interest [*id.* ¶ 5]. At the time the Unites States filed for default judgment, the amount had risen to $607,603.03 [ECF 26 at 1].

The government filed a complaint on October 20, 2020 [ECF 1]. Mr. Marner received three extensions to file an answer and to retain counsel [ECF 5, 7, 10]. He filed a motion to dismiss [ECF 11], which the court denied on October 7, 2021 [ECF 16]. The government asked for the clerk's entry of default on November 15, 2021 [ECF 17]. Mr. Marner filed a motion requesting the court to accept

his late answer and deny entry of default [ECF 18]. The court denied both requests [ECF 20, 21]. The clerk entered default on January 14, 2021 [ECF 23]. The government filed a motion for default judgment on February 10, 2022[1] [ECF 26]. Only this motion and Mr. Marner's request to reverse the entry of default remain for decision [ECF 24].[2]

STANDARD

The court has discretion in granting a motion for default judgment. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as shown by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). Generally, all well-pleaded factual allegations of the complaint will be taken as true and entitle plaintiff to relief. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Beyond the well-pleaded allegations, the court may also consider several factors when determining whether to grant a default judgment, including: (1) the amount of money requested; (2) delays resulting in prejudice to the plaintiff; (3) material issues of fact or substantial public importance; (4) and whether the default is strictly technical. *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008).

A determination of liability does not end the default judgment analysis. Once liability has been determined, the damages alleged by the plaintiff must still be proven. *See Wehrs*, 688 F.3d at 892. An

---

[1] The government filed this motion under Federal Rule of Civil Procedure 55(b)(1). Rule 55(b)(1) directs the clerk to enter default judgment "against a defendant who has been defaulted for not appearing." *See also All Media, Inc. v. Mofsen*, 1991 U.S. Dist. LEXIS 16120, 5 (N.D. Ill. October 22, 1991); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2686 (4th ed.) ("When a party, or a party's representative, has appeared in an action and later defaults, Rule 55(b)(2) requires that the court, rather than the clerk, enter the judgment by default."). Thus, the court construes the government's motion as a Rule 55(b)(2) motion. *See RBS Citizens, N.A. v. M. & M. Brokerage, LLC*, 2012 U.S. Dist. LEXIS 32693, 3 (N.D. Ind. March 9, 2012).

[2] On March 14, 2022, Mr. Marner requested that the court wait two more weeks to decide the motion for default judgment so he could respond to the government's filings [ECF 27 at 1]. Because well over two weeks have passed and Mr. Marner submitted his filings [ECF 29, 30], the court denies this request as moot.

evidentiary hearing is required to determine damages unless the plaintiff is seeking a reasonably certain amount that can be ascertained through documentary evidence or detailed affidavits, as is the case here. *Domanus v. Lewicki*, 742 F.3d 290, 304 (7th Cir. 2014) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983)).

## DISCUSSION

The court must first address Mr. Marner's motion to set aside the entry of default [ECF 24 at 4]. The court may set aside an entry of default only for good cause. Fed. R. Civ. Proc. 55(c). Mr. Marner must show (1) good cause for his default, (2) quick action to correct it, and (3) a meritorious defense to the government's complaint. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020). At no time has Mr. Marner shown excusable neglect for filing a late answer [ECF 20, 31]. In his motion to set aside the entry of default, he claims that the government's claims are vague and that his default was not willful—but he otherwise makes no argument under these factors [ECF 24 at 6-8]. He hasn't explained why he was able to obtain three extensions, file a motion to dismiss, and yet never file a timely answer. He claims that the government's claims are vague, but he understood the claims well enough to file a motion to dismiss [ECF 11]. The magistrate judge did not find excusable neglect to accept Mr. Marner's late answer, and the court still sees no evidence of good cause to set aside the entry of default.

Although Mr. Marner moved promptly to correct his default (eleven days), *see Kennedy v. Michael Lewis Co.*, 2020 U.S. Dist. LEXIS 170440, 3 (N.D. Ill. Sept. 17, 2020), he significantly delayed before the entry of default by waiting nearly two months between the order denying his motion to dismiss [ECF 16] and his motion to accept his late answer [ECF 18]. Further, Mr. Marner presents nothing by way of a meritorious defense. A "defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Sims v. EGA Prods*, 2004 U.S. Dist. LEXIS 30872, 26 (N.D. Ind. Oct. 5, 2004). He argues that the government has presented vague claims [ECF 24 at 6], but that isn't a

meritorious defense on this record. He says the government has failed to follow the proper administrative procedures to collect his taxes without providing any facts or legal argument to support it [*id.*]. Without a showing of good cause or a meritorious defense, the court must deny his motion to the extent it seeks to set aside the entry of default [ECF 24 at 4].

In this case, a hearing is not necessary to determine that the government is entitled to a default judgment. Taking all well-pleaded factual allegations in the complaint as true, and examining the evidence in the record, the government has established that Mr. Marner is liable for taxes and penalties for the years 2007 to 2012 in the amount of $607,603.03 through February 9, 2022 [ECF 1 ¶ 3; ECF 26-2 ¶ 4]. The government attached a declaration from IRS Revenue Officer Advisor Shawn M. Kennedy [ECF 26-2]. This sworn declaration details the liability amount by year and includes a report from the Integrated Data Retrieval System, an IRS database. Because formal tax assessments are presumed to be correct, *United States v. Johnson*, 355 F. Appx. 963, 964-65 (7th Cir. 2008), the court is satisfied that this evidence is sufficient to show the amount requested is reasonably certain.

The court DENIES Mr. Marner's motion to deny or reconsider the entry of default [ECF 24], GRANTS the government's motion for default judgment against Mr. Marner [ECF 26], and DENIES AS MOOT Mr. Marner's motion for a two-week extension of the court's consideration of the motion for default judgment [ECF 27]. Accordingly, the court DIRECTS the clerk to enter judgment in the government's favor and against Mr. Marner in the amount of $607,603.03, plus statutory additions accruing from and after February 9, 2022, including interest pursuant to 26 U.S.C. §§ 1961(c), 6601, and 6621, until the liability has been satisfied in full.

SO ORDERED.

September 21, 2022                                          *s/ Damon R. Leichty*
                                                            Judge, United States District Court